## THE PEOPLE *v.* ROACH.

WHERE, on trial for assault with intent to commit murder, evidence had been offered tending to show that defendant was first assaulted by the party injured and several other persons : *Held*, that what these persons said at the time they made the assault, illustrative of its object and the motive prompting it, was part of the *res gestœ* and admissible for defendant.

APPEAL from the Court of Sessions of Sacramento.

Indictment for assault with intent to commit murder.   The prosecution introduced evidence tending to show that while Carlton, the party injured, was standing near the porch of a hotel, defendant left a fence some twenty feet in front of the hotel and advanced towards it, cutting Carlton across the hip with a bowie knife as he, defendant, went in at the door.   Defendant then introduced evidence tending to show that Carlton, instead of being cut while standing by the porch, in fact rushed, with one Taylor and eight or ten other persons, upon defendant as he was passing by Carlton into the hotel; that defendant did not commence the affray, and that Taylor just before the rush had made threats against defendant.   A witness who had testified to this effect was then

20

asked: " Just before Taylor and others made the rush at defend-ant, what did Taylor say ?"   This question was objected to by the prosecution ; when defendant's counsel stated the object to be to show what was said at the time of and just before the affray for the purpose of proving a conspiracy between the parties to commit an assault upon defendant.   Objection sustained and the testimony ruled out.

Verdict, guilty of an assault with a deadly weapon with intent to do bodily harm.   Judgment accordingly.   Defendant appeals.

*N. Greene Curtis and Robinson, Beatty & Heacock,* for Appel-lant, cited *The People* v. *Castello,* 15 Cal. 350 ; *The Common-wealth* v. *Clark,* 2 Ashmead, 105 ; Whar. Amer. Crim. Law, 551–2 ; 1 Chitty's Criminal Law, 231 ; Wood's Dig. 335, sec. 50; Crim. Practice Act, secs. 238–9, 297, 440–42.

*Thomas H. Williams, Attorney General,* for Respondent.

COPE, J. delivered the opinion of the Court—BALDWIN, J. con-curring.

The judgment in this case must be reversed.   There was some evidence tending to show that the defendant was assaulted by the party injured and several other persons, and what was said by these persons at the time of the assault, illustrative of its object, and the motive which prompted it, was a part of the *res gestæ,* and should have been admitted in evidence.

Judgment reversed and cause remanded for a new trial.