State v. Sutton.

————o————

State of Missouri, Respondent, vs. R. P. Sutton, Appellant.

1. *Indictment—Same offense charged in different counts—Prosecutor not compelled to elect, when.*—Where the several counts of an indictment refer to the same transaction and are intended to charge only a single offense, but are differently framed in order to meet the evidence as it may be developed at the trial, as where the accusation is for stealing sundry caddies of tobacco from a certain railroad depot, and also for receiving the same, knowing them to have been stolen from the depot, the prosecutor should not be compelled to elect on which count he will proceed.

2. *Common Pleas Court of Sugartree township, Randolph county—Jurisdiction over offense committed before its establishment.*—A Common Pleas Court, having been established for the township of Sugartree in the county of Randolph, in lieu of the circuit court of the county, "with exclusive original jurisdiction in all criminal actions," was authorized to try an offense committed before the act creating it took effect, where the circuit court had not theretofore acquired special jurisdiction of the case, by proceedings instituted therein.

3. *Indictment—Receipt—Hearsay, when.*—On indictment charging the stealing of property from a railroad company, a paper given by the consignee acknowledging the receipt of money in payment of the goods, is not competent to prove the loss of the goods. It is hearsay.

4. *Instructions, multiplicity of—Giving of others by court in lieu of.*—Where instructions are very numerous, the court may properly refuse them all, and present the case to the jury in a few clear and pointed ones of its own.

*Appeal from Randolph Circuit Court.*

*H. S. Priest,* for Appellant, cited: City of Moberly vs. Ferguson Co., 62 Mo. 77 ; State vs. Hollenscheit, 61 Mo. 302; Comm. vs. Hudson, 11 Gray, 65 ; Knaup vs. Piqua Bank, 1 Ohio, St. 603 ; Lessee of Mitchell vs. Eystec, 30 Wis. 384 ; Ashlock vs. Commonwealth, 7 B. Mon. 44 ; 38 Mo. 402 ; 21 N. Y. Eq. 424.

*J. L. Smith, Att'y Gen'l,* for Respondent, cited: Sess. Acts 1875, p. 402, § 2 ; State vs. Porter, 26 Mo. 201 ; State vs. Pitts, 58 Mo. 557.

HENRY, Judge, delivered the opinion of the court.

At an adjourned term of the Moberly Court of Common Pleas a grand jury returned an indictment against defendant containing two counts ; the first for larceny, charging defendant with having stolen four caddies of tobacco from the St. L., K. C. & N. R. R. Co.'s depot at Moberly, the property of Thomas, Mason & Florissell. The second count charged defendant with having received four caddies of tobacco from Frank Carr, knowing that said Carr had stolen them from the possession of the St. L., K. C. & N. R. R. Co., and that they were the property of Mason & Florissell.

Defendant filed his motion to require the State to elect on which count of the indictment it would go to trial, which motion was by the court overruled ; and this, it is urged, was error.

In the case of the State vs. Porter (26 Mo. 201) the court held that "if the several counts referred to different transactions, in point of fact, it is a matter of discretion with the court to compel the prosecutor to elect upon which count he will proceed, and the power ought to be exercised in cases where the offenses are distinct and of a different nature, and calculated to confound the defense. Where the offenses are of the same character, differing only in degree, as for example forging a note and publishing it knowing it to be false, the defendant may be tried upon both charges under the same indictment. It is usual to frame several counts where only a single offense is intended to be charged, for the purpose of meeting the evidence as it may transpire at the trial ; and in such cases the court will not compel the prosecutor to elect."

In the case at bar the several counts refer to the same transaction in point of fact, and only a single offense was intended to be charged. The two counts were resorted to to meet the evidence as it might transpire on the trial. The party could not have been convicted of both stealing the tobacco and receiving it, knowing it to have been stolen. If guilty under the first, he could not have been convicted under the second count, and *vice versa.* The court did not err in overruling the motion.

It is insisted that the Moberly Court of Common Pleas had no jurisdiction of the cause ; that the offense, if at all, was committed in Sugartree township, in Randolph county, before the passage of the act establishing the Moberly Court of Common Pleas ; that said act was prospective in its operation and did not take from the Randolph Circuit Court jurisdiction of the cause.

The Court of Common Pleas was established for the township of Sugartree, in the county of Randolph, and the fourth section of the act conferred upon it, within the limits of Sugartree township, " exclusive original jurisdiction in all civil actions, both in law and equity, in all actions involving sums not exceeding fifty thousand dollars, to the same extent as circuit courts have, and concurrent jurisdiction with justices of the peace to the same extent as circuit courts ; and said court shall also have and exercise, within the limits aforesaid, exclusive original jurisdiction in all criminal actions as are had and exercised by the circuit courts of the State." (Sess. Acts, 1875, p. 401.)

If a new county had been formed by taking a portion of the territory of Randolph county and thrown into another judicial circuit, would it be contended that, for an offense committed in such territory before the act creating the new county, the party would be indictable only in Randolph county ? Or that he could be indicted in Randolph county at all ? If the views of defendant's counsel are to prevail, then no civil action, where the cause of action accrued in Sugartree township before the act establishing the Court of Common Pleas was enacted, could be commenced in that court because the jurisdiction of the circuit court of Randolph County at the date of the passage of the act had attached, as the counsel states it.

There is but one case cited by appellant that bears upon this question. (Ashlock vs. Commonwealth, 8 B. Mon. 44.)

An act was passed by the legislature of Kentucky, conferring upon the city council of Lexington exclusive jurisdiction of all pleas of the commonwealth, arising within the limits of that city, except cases of felony.

When the act was passed, the State vs. Ashlock was pending in the Fayette circuit court, which had jurisdiction to hear and

determine it. Defendant was convicted and appealed to the court of appeals. Judge Buck held that " as no provision was made in the act for the removal of cases of this kind, then pending in the Fayette circuit court, we are not authorized to presume that it was the intention of the Legislature to deprive the court of jurisdiction. The exclusive jurisdiction conferred upon the city court must, we think, have reference to cases arising subsequent to the passage of the act, or to cases or proceedings subsequently to be commenced or instituted." In that case the jurisdiction of the circuit court had attached. Proceedings had been commenced in that court, and there was nothing in the act conferring jurisdiction upon the city court to authorize a presumption that the legislature intended that proceedings commenced in such cases in the circuit should cease.

There is nothing in the case to sustain the views of the defendant, except the remark of the judge who delivered the opinion, " that the exclusive jurisdiction conferred upon the city court must have reference to cases arising subsequent to the passage of the act, or to cases or proceedings subsequently to be commenced or instituted." It was very clearly one or the other, and the court does not determine that it has reference to cases arising subsequently to the passage of the act, but only that it has reference either to that class of cases, " or to cases or proceedings subsequently to be commenced or instituted."

It is to the latter class of cases in our judgment that the second section of the act establishing the Moberly Court of Common Pleas has reference, and it does not depend upon the time when the offense was committed in Sugartree township whether that court has jurisdiction or not. If the offense was committed before the passage of the act establishing that court, and the. Randolph Circuit Court had not acquired special jurisdiction of the case by proceedings instituted therein before the act took effect, then the Moberly Court has exclusive jurisdiction of the case.

On the trial of the cause, the State against the objection of the defendant was permitted to read in evidence a receipt signed by Mason & Florissell, as follows:

" Received, Foristelle, Mo., March 30, 1875, of St. Louis, Kansas City and Northern Railway Company, the sum of fifty-eight dollars in full for loss of four caddies tobacco.

Dec. 5, '72.                     Mason & Florissell."

A voucher was also introduced ; but in regard to this voucher the record is so illegible by reason of erasures, interlineations and bad penmanship that we have been unable to decipher it, and are compelled to pass by the objections made to it.

The receipt read in evidence should have been excluded. In substance it is not a written declaration of competent witnesses, that they had lost four caddies of tobacco and that the railroad company had made good their loss. If it was important to prove the loss of the four caddies by Mason and Florrissell—and it certainly was—then it was not competent to prove that fact by hear-say evidence. (2 Greenl. 148.) As, for this error the judgment must be reversed, it is unnecessary to notice particularly the instructions. They are generally correct, and fairly present the law of the case. The principal objection to instructions was that they did not state to which count they were applicable, but as the defendant can be tried again only on the second count, having been virtually acquitted of the charge in the first count, no further consideration of the instructions in that regard is necessary. The instructions are numerous, and we desire once more to suggest, that the practice of asking and giving so many instructions in a case, is calculated to confuse rather than guide a jury to a correct conclusion ; and it would be well, if attorneys will persist in the practice, for the court to refuse all they ask and in a few clear and pointed instructions present the law of the case to the jury.

Judgment reversed and remanded.  The other judges concur.