[In Bank.— October 26, 1883.]

## THE PEOPLE, RESPONDENT, *v.* FONG AH SING, APPELLANT.

CRIMINAL LAW — ALIBI — REASONABLE DOUBT — MURDER. — Proof tending to establish an *alibi*, though insufficient of itself to establish that fact, is not to be excluded from the case.  Whatever doubt, if any, such testimony may raise in the minds of the jurors is for their consideration ; and if its weight alone, or added to that of other evidence in the case, be sufficient to reduce belief in their minds as to defendant's guilt, to a reasonable doubt, they should acquit.

ID. — DYING DECLARATIONS. — Dying declarations are restricted to the act of killing, and to the circumstances immediately attending it and forming a part of the *res gestæ*.  Such portions of a dying declaration as relate to former and distinct transactions should be excluded from the consideration of the jury.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*L. Quint,* for Appellant.

*Attorney-General,* for Respondent.

Ross, J.— The defendant was charged with the crime of murder. His defense was that of *alibi*— he claiming that, at the time the deceased was killed, he (defendant) was at certain rooms about three blocks distant from where the murder was committed. Upon that question the evidence was conflicting. And upon that state of facts the defendant, through his counsel, requested the court to charge the jury as follows:—

"Whilst the prosecution must establish beyond a reasonable doubt the guilt of the defendant, it is not incumbent on the defendant to prove an *alibi* beyond a reasonable doubt. Though the evidence offered to establish an *alibi* falls short of the weight of moral certainty as to the existence of the *alibi*, yet if it leave in the minds of the jury such a doubt or uncertainty that taken by itself they could not find for or against the *alibi*, they are bound to carry such doubt into the case of the prosecution and to array it there as an element of the reasonable doubt, beyond which the prosecution must establish guilt. The defendant is entitled as much to the benefit of such doubt as to any other doubt raised by the evidence; and if its weight, alone or added to that of any other, be sufficient to reduce belief in their minds as to the defendant's guilt to a reasonable doubt, they must acquit."

This instruction the court below refused to give, but in its stead gave the jury as the law upon the subject of *alibi* the following:—

"If the jury find the defendant to have been at another place, as for instance in the society's rooms which have been spoken of in the evidence at the time of this alleged shooting; and if his being there then creates a reasonable doubt of his having been present at the place of the alleged crime at the time of its alleged commission, he should have the benefit of that reasonable doubt and be acquitted."

The instruction requested was substantially correct, and should have been given. The charge given was incorrect, and

should not have been given.   The commission of a criminal offense implies, of course, the presence of the defendant at the necessary time and place.   Proof of an *alibi* is, therefore, as much of a traverse of the crime charged as any other defense, and proof tending to establish it, though not clear, may, nevertheless, with the other facts of the case raise doubt enough to produce an acquittal.   A reasonable doubt of the defendant's presence at the time and place necessary for the commission of the crime would seem necessarily to raise a reasonable doubt of his commission of it.   But according to the charge of the court below, the defendant was not to have the benefit of any doubt in regard to the alleged *alibi*, unless the jury should *find as a fact* that he was at another place than the place of shooting when the shooting occurred.   It is obvious that the finding of that fact would itself have established the *alibi*, and that would have ended the case of the prosecution.   But proof tending to establish an *alibi*, though insufficient of itself to establish that fact, is not to be excluded from the case.   Whatever doubt, if any, such testimony may raise in the minds of the jurors, is for their consideration ; and if its weight, alone or added to that of other evidence in the case, be sufficient to reduce belief in their minds as to the defendant's guilt, to a reasonable doubt, they should acquit; for in every criminal case, when all the proof is in, the final question for the jury is, are all the essential averments of the indictment proved beyond a reasonable doubt?

The dying declaration of the deceased was properly admitted in evidence, but the declaration included some matter foreign to an instrument of that nature, and which should have been excluded by the court below from the consideration of the jury.   We allude to the following statement of the declarant : —

" I don't know any reason that Fong Ah Sing had for shooting me, unless it was that a few days before the shooting I was bathing my feet up stairs over a room in which Fong Ah Sing was sitting, and I spilled a little water on the floor, and some of it leaked through the floor and fell upon Fong Ah Sing.   Fong Ah Sing was very angry thereat, and told the proprietor of the house that I must apologize and make him some present to prevent bad luck coming upon the house.   The proprietor did

make some little present to Fong Ah Sing, and I supposed the matter was settled."

Dying declarations are restricted to the act of killing, and to the circumstances immediately attending it and forming a part of the *res gestœ*. When they relate to former and distinct transactions they do not come within the principle of necessity on which such declarations are received. (Wharton's Crim. Ev. § 278; 1 Greenleaf on Ev. § 156; *State* v. *Draper*, 65 Mo. 335; *Leiber* v. *Commonwealth*, 9 Bush, 11; *Moses* v. *The State*, 11 Humph. 232; *The State* v. *Shelton*, 2 Jones, 360; *Nelson* v. *The State*, 7 Humph. 542; *Hackett* v. *The People*, 54 Barb. 370.)

Judgment and order reversed and cause remanded for a new trial.

McKinstry, J., Sharpstein, J., McKee, J., Myrick, J., and Thornton, J., concurred.