# THE STATE v. WELLS, *Appellant.*

## Division Two, October 4, 1892.

1. **Criminal Practice:** INSTRUCTION: REASONABLE DOUBT. An instruction on reasonable doubt in a criminal trial must relate to the whole case; it is erroneous to limit it to any particular fact in evidence.

2. ——: ——: ——. An instruction that a reasonable doubt must be a substantial doubt based upon the evidence or lack of evidence in the whole case, and not a mere possibility of defendant's innocence, properly states the law.

3. ——: ——: DEFENDANT AS A WITNESS. An instruction that one accused of crime is a competent witness in his own behalf, and is to be treated the same as if he were not interested or a party, except that he is not liable to cross-examination upon any matter not referred to in his examination in chief, and that the instructions are bound to recognize such testimony, and to declare the law arising thereon the same as in case of a disinterested witness, but, in weighing the whole evidence, the jury may take into consideration any interest, prejudice or bias, is not objectionable in commenting unfavorably on defendant's testimony.

*Appeal from Monroe Circuit Court.*—HON. THOS. H. BACON, Judge.

AFFIRMED.

*R. N. Bodine* for appellant.

(1) Instruction, numbered 1, given by the court, is erroneous. First on the question of reasonable doubt. *Bressler v. People,* 5 W. Rep. 185, 192; *State v. Crawford,* 34 Mo. 200; *State v. Head,* 57 Mo. 252; *State v. Leeper,* 78 Mo. 470. (2) It is further erroneous in requiring a reasonable doubt to be based either on the evidence or lack of evidence in the case. (3) It is also erroneous in its being a comment upon

the testimony of the defendant to a greater extent than authorized by the statute, and to the prejudice of the defendant. (4) It is also erroneous in calling the attention of the jury to the fact that there were certain points upon which the defendant did not testify.

*John M. Wood,* Attorney General, for the State.

(1) It is not proper in the instruction on reasonable doubt to single out a particular fact, and base the instruction thereon. *State v. Schoenwald,* 31 Mo. 147; *State v. Christian,* 66 Mo. 138. (2) There is no error in the record justifying a reversal.

THOMAS, J.—The defendant was convicted in the circuit court of Monroe county in November, 1891, for an assault upon Rose Vivian with intent to ravish her, and was sentenced therefor to imprisonment in the penitentiary for a term of two years, and he has appealed to this court.

The only error assigned for the reversal of the judgment is giving the following instructions to the jury: "As to the law arising upon any testimony in the case tending to prove or disprove anything in issue it is the duty of the court to instruct, irrespective of any question as to the credibility of any witness on whose testimony such instruction may be founded, and irrespective of the probabilities of such testimony and irrespective of the value of the evidence furnished by such testimony. It is not the duty of the court to give, and the court in no case undertakes to give, any instruction hypothecating anything which no testimony in the case in anywise tends to prove. But all questions of credibility, probability and value aforesaid are exclusively for the determination of the jury, and it is for the jury alone to say whether or not the proof

makes out the case put by a hypothetical instruction. No such instruction is to be taken as any intimation that anything has been proved or disproved, and no instruction is to be taken as either in commendation or disparagement of any testimony or evidence in the cause.

"The defendant testifying in the case is a competent witness in the cause. As such competent witness such defendant is to be treated the same as if such defendant were not a party, and not interested, and to be so treated in all respects except that such defendant as such witness is not liable to cross-examination or reflection as to any matter not referred to in such defendant's examination in chief. The instructions are bound to recognize such defendant's testimony and declare the law arising on the case disclosed by such defendant's testimony the same as if such defendant were not a party and not interested; but in weighing the whole evidence the jury may consider the interest, if any, prejudice, bias, if any, or relationship, if any, of any witness who may have testified in the case.

"Until defendant's alleged guilt, if any, is proved beyond a reasonable doubt of defendant's guilt, the law presumes the defendant innocent.

"The burden is on the state to prove under the instructions herein, by evidence, prevailing over every defense herein, all the things necessary to the proof of defendant's guilt as alleged.

"Besides this, the burden is on the state to prove beyond a reasonable doubt the defendant's alleged guilt.

"The burden of proving beyond a reasonable doubt the defendant's alleged guilt is a burden that never is shifted, and that cannot be shifted.

"By such reasonable doubt is meant not a reasonable doubt as to the proof or disproof of some one or

some of several things which if proved may be from the evidence found contributive or necessary to proof of defendant's alleged guilt, but on the whole case a reasonable doubt of defendant's guilt.

"The proof, if any, of defendant's alleged guilt cannot be made, except by evidence excluding a reasonable doubt of defendant's alleged guilt. To exclude such reasonable doubt, the facts, if any, in evidence, and circumstances, if any, in evidence, must be not only consistent with defendant's guilt as alleged, but also inconsistent with any reasonable hypothesis consistent with defendant's innocence.

"A reasonable doubt of defendant's alleged guilt must be a substantial doubt of defendant's guilt based on and arising from the evidence or lack of evidence on the whole case, and not a mere possibility of defendant's innocence.

"If from all the evidence the jury entertain a reasonable doubt of defendant's guilt they must find the defendant not guilty."

The first objection to these instructions is that they do not correctly declare the law of reasonable doubt, in telling the jury that "by reasonable doubt is meant not a reasonable doubt as to the proof or disproof of some one or more of several things, which, if proved, may be from the evidence contributive or necessary to proof of defendant's alleged guilt, but on the whole case a reasonable doubt of defendant's guilt."

It is well settled in Missouri that a defendant has no right to single out each material fact, and to have the court direct the jury that if they have a reasonable doubt as to the evidence of such fact they ought to acquit. *State v. Schoenwald*, 31 Mo. 147; *State v. Christian*, 66 Mo. 138. This instruction correctly told the jury in substance that a doubt as to a single fact in

the case was not enough; that the doubt must be upon the whole case.

Again it is insisted that it was error to instruct the jury that "a reasonable doubt of defendant's alleged guilt must be a substantial doubt of defendant's guilt based and arising from the evidence or lack of evidence on the whole case, and not a mere possibility of defendant's innocence." We cannot conceive how a doubt in a concrete case can arise except "from the evidence or lack of evidence." Taking the whole instruction together it is as favorable to defendant as he has a right to ask, and, aside from its verbosity, is unobjectionable. The attempts of the courts to make the definition of reasonable doubt by paraphrases more intelligible to juries are futile. We may change the form of the instruction, but we do not, and indeed cannot, remove the difficulty. As soon as a person formulates a definition in the clearest and most perspicacious language he is master of, he has at once an irresistible desire to define the definition, and the more verbose the definition is, the more ambiguous it is, as a rule.

The second objection to the instructions is, that they unfavorably comment upon the defendant's testimony. In this view we do not concur. These instructions on this point are more favorable to defendant than any that have come under our observation.

The court in its other instructions very clearly set out all the essential facts the jury had to find in order to convict, and the defendant's attorney concedes that "there was evidence tending to show defendant's guilt as well as evidence tending to show he was not guilty" of the charge against him, and, hence, we do not feel it to be our province to interfere with the verdict, and the judgment is accordingly affirmed. All concur.