[Crim. No. 669.  First Appellate District.—April 18, 1917.]

## THE PEOPLE, Respondent, v. A. L. GIBSON, Appellant.

CRIMINAL LAW—EVIDENCE—DYING DECLARATIONS.—Dying declarations as competent evidence are restricted to the cause of death and the circumstances immediately attending it as part of the *res gestae*.

ID.—MURDER — ABORTION — STATEMENT OF DEFENDANT — EVIDENCE — DYING DECLARATION.—In a prosecution for murder resulting from the performance of an abortion, a statement made by the deceased about fifteen minutes before her death, that the defendant performed the operation on a stated date, and that he told her he had not lost a case in thirty years, followed by the declaration that she was dying, is admissible evidence as part of the *res gestae*, as it is fair to infer that the statement attributed to the defendant was made just before the operation.

ID. — CREDIBILITY OF WITNESSES — INSTRUCTION — APPLICABILITY OF TESTS TO TESTIMONY OF DEFENDANT.—An instruction which submits the testimony of the defendant, who testified in his own behalf, to the usual and general tests of credibility in common with that of the other witnesses, is not erroneous.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial. W. A. Beasly, Judge.

The facts are stated in the opinion of the court.

H. A. Gabriel, and Geo. T. Kerr, for Appellant.

U. S. Webb, Attorney-General, John H. Riordan, Deputy Attorney-General, Arthur M. Free, District Attorney, and Archer Bowden, Deputy District Attorney, for Respondent.

KERRIGAN, J.—The defendant was convicted of murder in the second degree and sentenced to imprisonment in the

state prison for the term of twenty years. This appeal is from the judgment and from an order denying defendant's motion for a new trial.

On July 26, 1916, Mrs. Madeline C. Silveria, realizing that she was about to die as the result of an operation for abortion performed upon her by the defendant, made a dying declaration in which she stated that the defendant performed an abortion on her on July 4, 1916, and then added: "He told me he had not lost a case in thirty years, and now I am dying, now I am going to die." Within fifteen minutes after making the declaration she died. In support of the appeal defendant insists that the court erred in admitting in evidence that part of the dying woman's statement above quoted.

Dying declarations as competent evidence are restricted to the cause of death and the circumstances immediately attending it as part of the *res gestae.* (Code Civ. Proc., sec. 1870, subd. 4; *People* v. *Fong Ah Sing,* 64 Cal. 253, 256, [28 Pac. 233]; *People* v. *Lee Ah Chuck,* 66 Cal. 662, [6 Pac. 859].) From the record it is fair to infer that the statement attributed to the defendant was made just before the operation; but whether it was made then, or at the time of, or immediately following it, it certainly sheds some light on the occurrence, and was in fact a part of the *res gestae* of the operation; hence was admissible evidence. In the case of *People* v. *Cipolla,* 155 Cal. 224, [100 Pac. 252], the rule is given as follows (syllabus): "The dying declarations of the deceased, shown to have been made under circumstances of approaching death, were admissible and competent to cover all of the *res gestae,* including not only the actual facts of the assault and the circumstances surrounding it, but also the matters immediately antecedent thereto and having a direct causal connection with the assault, as well as acts immediately following the assault and so closely connected therewith as to form part of the occurrence. Under this, his statement is admissible to show that immediately after the murderous assault his body was carried and thrown into the river, and that he crawled out at about the place where he was thrown in, by means of brush at that place, of which he caught hold and climbed out, when he could go no further and lay down." In *People* v. *Brewer,* 19 Cal. App. 742, 745, [127 Pac. 808], testimony of a question put to the decedent and her answer thereto, to the effect that she was in good health at the time

of the operation, admitted as part of her dying declaration, related in truth, says the court, to the *res gestae* of the operation which resulted in her death, and for that reason was admissible. (See, also, *People* v. *Roach,* 17 Cal. 297; *People* v. *Linares,* 142 Cal. 17, [75 Pac. 308].)

Defendant also insists that the dying declaration of the deceased was not corroborated, and that therefore the judgment should be reversed. This position is based upon the provisions of section 1108 and section 1111 of the Penal Code. The former section provides that upon a prosecution for procuring an abortion the defendant cannot be convicted upon the testimony of the woman on whom the offense was committed unless she is corroborated by other evidence. Section 1111 provides that a conviction cannot be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense. As to the first of these sections, it would seem to be a sufficient answer to the defendant's contention to say that this is not a prosecution for procuring an abortion—the defendant is charged with murder. As to section 1111, perhaps, suffice it to say that it is inapplicable to this case for the reason that the deceased could not well be regarded as an accomplice in her own death, but should rather be considered a victim of the offense. However that may be, and conceding, for the purpose of the argument only, that those sections—which were read to the jury—are applicable to the facts of this case, still the case cannot be reversed for the simple reason that the dying declaration is abundantly corroborated in every essential respect.

The defendant further insists that the court erred in giving the following instruction: "A witness is presumed to speak the truth. This presumption however may be rebutted by the manner in which he testifies, by the character of his testimony for truth, honesty, or integrity, or his motives, or by contradictory evidence. In determining the credit to be given to the testimony of a witness you may take into consideration the conduct, appearance, and manner of the witness while on the stand; his interest, if any, in the result of the trial; the motives which actuate such witness in testifying; the reasonableness or unreasonableness of his testimony; the candor or lack of candor with which he testifies; his relation or feeling toward the parties, and the probability or

improbability of his statements being true when considered with reference to all the other evidence, facts or circumstances in the case. A witness who willfully testifies falsely as to any material fact in giving his testimony is to be distrusted in other parts of his testimony. This instruction applies to the defendant as well as to all other witnesses.''

We do not concur in appellant's criticism of this instruction. It does not single out and unfavorably comment on the defendant's testimony, as was done in the case of *People* v. *Maughs,* 149 Cal. 253, [86 Pac. 187], relied upon by the defendant. It merely submits the testimony of the defendant, who testified in his own behalf, to the usual and general tests of credibility in common with that of the other witnesses. It is not erroneous. (*State* v. *Wells,* 111 Mo. 533, [20 S. W. 232]; *State* v. *Bartlett,* 50 Or. 440, [126 Am. St. Rep. 751, 93 Pac. 243, 19 L. R. A. (N. S.) 802, 814]; *People* v. *Bartol,* 24 Cal. App. 659, 665, [142 Pac. 510].)

Other instructions are complained of, but we think the court's charge as a whole fairly covered the law applicable to the facts of the case.

We regret to have occasion in this case as in others to refer to the conduct of the district attorney in the trial of the cause. Our sense of justice is often shocked by the unfair questions and general demeanor of certain prosecuting officers; but in the case at bar, while certain actions of the district attorney deserve censure we are unable to say that there was such willful persistence in misconduct as to require a reversal of the judgment.

The judgment and order are affirmed.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 14, 1917, and the following opinion then rendered thereon:

THE COURT.—In denying the application for a hearing in this court after decision by the district court of appeal of the first appellate district we deem it proper to say:

First: In regard to the objection to the admission in evidence of that portion of a dying declaration detailing a state-

ment made by the defendant, a sufficient answer is contained in the statement of the district court of appeal substantially to the effect that it is a fair inference from the record that the statement attributed to the defendant was made just before the operation and as an inducement thereto, and that it therefore constitutes part of the *res gestae* of the operation. We do not desire to be understood as giving our approval to that portion of the opinion substantially stating that it could properly have been held a part of such *res gestae* if made subsequent to the operation.

Second: Upon the question of the corroboration of the dying declaration of deceased by other evidence, a sufficient answer to the objection of appellant in so far as the petition for hearing in this court is concerned is to be found in the conclusion of the district court of appeal "that the dying declaration is abundantly corroborated in every essential respect." Our order denying a hearing in this court is not to be taken as an intimation of our approval of that portion of the opinion which intimates that the deceased could not be regarded as an accomplice whose testimony required corroboration under the provisions of section 1111 of the Penal Code. Nor is our denial to be taken as intimating an opinion one way or the other on the question of the application of section 1108 of the Penal Code.

The application for a hearing is denied.