THE STATE v. CARL E. WRIGHT, Appellant.—4 S. W. (2d) 456.

Division Two, February 18, 1928.

*Bruce Barnett* for appellant.

*North T. Gentry,* Attorney-General, and *H. O. Harrawood,* Special Assistant Attorney-General, for respondent.

WHITE, P. J.—In the Circuit Court of Jackson County the defendant was charged with robbery in the first degree. A jury found him guilty October 15, 1926, and assessed his punishment at five years in the penitentiary. Judgment followed from which he appealed.

The evidence for the State tended to show that February 27, 1926, about 3:30 P. M., the defendant and two other men went into the office of Frank DeMayo, at Room 412, Kansas City Life Building, Kansas City, Missouri, held up and robbed DeMayo and six other persons. They took from DeMayo one hundred and twenty dollars.

He testified that he didn't know how much they took from the others. That was Saturday.

The next day the defendant's brother, Ralph Wright, took one hundred and forty dollars which the father of the two boys, Don Wright, gave him for the purpose, and delivered it to the constable, Jim Lowe, at Liberty. Lowe gave Ralph Wright a receipt for the money, stating that it was the money taken by Carl Wright, Carl Aker, and Ralph Cuthbertson, and an unknown person, from a gambling den in the Fidelity Life Building in Kansas City, Saturday afternoon, February 27th, the one hundred and forty dollars being a part of the share of the said Carl Wright in the proceeds of the said robbery, and that it was given to Ralph Wright for the purpose of having Ralph deliver the same to the Constable of Liberty Township, Clay County.

The State also introduced a written confession of Carl Wright, taken by the officers after he was arrested, in which he stated that February 27th, he, Mr. Aker, and another person of whose name he was uncertain, went into a gambling place in Kansas City Life Building, which was said to be occupied by bootleggers, dope peddlers and gamblers, and took six hundred and thirty-three dollars. They lined up the people and searched them; defendant's share was one hundred and fifty dollars.

J. J. Lowe, the constable, testified that after the one hundred and forty dollars was given to him by Ralph Wright, Carl Wright came to him and asked for it, saying that the man "over there in the city was not going to do anything about it." The constable referred him to Francis G. Hale, attorney for the sheriff. Mr. Hale testified that the defendant visited him two or three times in his effort to get the money which Ralph Wright had turned over to Lowe.

The defendant presented evidence tending to show an alibi. A number of witnesses swore that at about the hour he was charged with committing the robbery in Kansas City, they saw him in Liberty fifteen miles from where the robbery occurred. The defendant was employed by one E. E. Bell, who had the Chevrolet agency in Liberty. Defendant lived with his father on a farm a few miles from Liberty. Several witnesses for the defendant testified that he had a good reputation. The State introduced evidence tending to show his reputation was bad.

I. The appellant offered evidence to show that the one hundred and forty dollars which his father, Don Wright, sent to Constable Lowe, was for another purpose than that claimed by the State. The evidence was excluded and error is assigned to the ruling.

Don Wright was sworn and asked to state a conversation he had had with the constable about the matter. The evidence was objected to; the jury was excused, and out of the presence of the jury the witness stated what was desired to be proved. Under the circumstances the defendant had a right to show that the money was sent to Lowe for another purpose; not for the purpose of restoring Carl's share in the robbery. Defendant had had difficulty with some Italians on account of the injury which he had inflicted upon their car. They had threatened him and the purpose of sending the money was to square the damage which he had inflicted. It appears from a colloquy in the record that defendant claimed those Italians were intending to use this charge of robbery in order to force payment for the damage to their car. It was entirely proper for Don Wright to swear to any fact within his knowledge. He knew what he sent the money for, and he knew, if true, that the demands of the Italians caused him to send it. But he was not asked by defendant's counsel to state the facts within his knowledge. He was asked to relate a conversation he had with the constable in which he told about it. He was not asked what he knew about it, but what he said about it. It was an attempt to prove a fact by pure hearsay statements. No specific fact was attempted to be elucidated. All that was asked was what the witness told the constable. Counsel offered to prove that Don C. Wright understood that the purpose for which the one hundred and forty dollars was paid to Lowe was to settle the claim of the Italians for tearing up their car. This was stated in several forms at different times, but nowhere was the offer made except by the statement which the witness made to Lowe. We have examined the record with great care and do not find that there was any attempt nor any offer to have the witness swear to the fact, as a matter within his knowledge. On the contrary, counsel stated that the conversation was the only way in which he could prove the matter. "That the transaction and that fact could not be proved other than by the conversation." Why counsel should take that view of the matter can be explained only on the theory that the bare statement of the fact would not be as effective as the conversation with the constable.

We are not called upon to consider whether it was proper to show that Don Wright had informed the constable of his purpose in paying the money because he had not sworn to what was his purpose. Instead of telling the jury why he sent the money, he wanted to relate what he had told the constable about it. Of course, at the time the incident came up the trial court might have informed counsel that he was at liberty to prove the purpose of sending the money as a fact in the case, but the court cannot be convicted of error for refusing the evidence in the manner in which it was offered by defendant.

Declarations of persons not parties to the suit are hearsay, and always inadmissible unless they come under the head of *res gestae*. The statements of Don Wright to Lowe do not come under that head. It is a conversation made before the money was sent, and did not accompany the act; it possessed none of the characteristics of *res gestae*.

The receipt which Lowe gave to Ralph Wright, reciting that the money was Carl Wright's share of the proceeds in the robbery, was inadmissible in evidence. It was purely a hearsay statement and incompetent on any theory. [State v. Sutton, 64 Mo. 107.] But defendant did not object to it on the ground that it was hearsay, but merely objected to it because the carbon copy and not the original receipt was offered. It was not a valid objection because it was shown that the original receipt was in the possession of Carl Wright. So the court cannot be convicted of error on that account.

II. Complaint is made that the jury was not instructed on defendant's suggestion that unless they believed that the robbery was committed, independent of the defendant's confession, they could not find him guilty.

The argument of the defendant is this: there were seven persons present when the robbery was committed, besides the robbers. The absence of two or three of them was accounted for, but that of the others was not. The only direct evidence that the robbery was committed was that of DeMayo, who is spoken of in the record as a bootlegger and a gambler. The suggestion is that he probably would not have been believed by the jury against the testimony offered by the defendant to show an alibi, if that was all, and therefore they must have found him guilty upon his confession instead of upon the direct evidence of the robbery. The theory is that the *corpus delicti* must be proved to the satisfaction of the jury before the confession can be considered by them. That is not the law. The condition for admission of the confession in such case is a rule of evidence. It is not admissible unless and until proof has been offered to establish the *corpus delicti*. The jury does not have to be convinced that the crime was committed before the confession is admitted in evidence. It is admissible as soon as independent evidence of the *corpus delicti* has been introduced, and when it is admitted it is before the jury for all purposes. The jury may take into consideration all the evidence before them in determining the guilt. [State v. Mullinix, 301 Mo. 1. c. 391.]

III. Complaint is made of the failure of the court to reprimand counsel for the State when in his closing argument he referred to a warrant out for a man named Cuthbertson, the name of one of the alleged robbers. A colloquy occurred in which it was disputed as to whether there was any evidence to justify the remark. The court admonished the prosecutor not to refer to anything not in the evidence. It is impossible to say that any error could have occurred, injurious to the defendant on that account.

The State offered a witness named Morrow, who was asked if he was acquainted with the general reputation of the defendant in the community where he lived, and he answered that he was not. In commenting upon that in his argument the prosecutor called attention to the fact that Mr. Morrow lived next door to the defendant, and argued that of course he knew Carl Wright's reputation in the community and he knew that it was bad. Defendant's counsel objected and asked that the prosecutor be reprimanded for the remark. The court refused to reprimand.

Counsel was merely drawing his own inference from the circumstances in evidence. The witness was before the court, his demeanor and everything in connection with his testimony was for consideration, and the argument of the prosecutor may have been unsound, and there may have been no reason for saying that the witness had suppressed the truth. Yet, an attorney cannot be reprimanded for making an unsound argument or drawing an unwarranted inference.

We find no error in the record proper saved for our review.

The judgment accordingly is affirmed. All concur.