**Helen Patricia HUNT, Appellant,**

v.

**Basil Dean HUNT, Respondent.**

**No. 52846.**

Supreme Court of Missouri, En Banc.

Jan. 8, 1968.

Rehearing Denied Feb. 12, 1968.

Jayne, Oswald & Cottey, Kirksville, for appellant.

Hulen & Hulen, Moberly, Edwards, Hess & Collins, Macon, for respondent.

FINCH, Judge.

■ This is an action by a wife against her husband to recover $10,000 for personal injuries sustained in a one-car accident on August 30, 1958. The trial resulted in a jury verdict for $1500 and plaintiff appealed from the action of the trial court in overruling her motion for a new trial. The appeal went to the Kansas City Court of Appeals, which reversed and remanded for new trial on the issue of damages only. On application, the case was ordered transferred to this court, and we now consider it as though the original appeal had come directly to this court. Supreme Court Rule 84.05(h), V.A.M.R.

At the time of the accident in question, plaintiff was a student at Kirksville State Teachers College and had a date with the defendant that evening. They were married on June 24, 1959.

This was the second trial of this suit. The first trial resulted in a $6,000 verdict but the trial court granted a new trial for errors in instructions, which action was affirmed on appeal. Hunt v. Hunt, Mo.App., 387 S.W.2d 234.

Plaintiff's brief asserts three points as a basis for a new trial, as follows: First, that the court erred in its ruling on the voir dire with respect to the issue of insurance. Second, that the court erred with respect to admission in evidence of intramural volleyball games at the College in which plaintiff allegedly participated after the accident, and in permitting examination of plaintiff with reference thereto. Third, that the court erred in various rulings on objections with respect to argument of counsel for defendant. We do not find any prejudicial error in any of these instances, as we shall point out.

The first assignment of error relates to the action of Mr. Collins in stating on voir dire to the jury that he, Mr. Foley and Mr. Hulen represented the State Farm Mutual Automobile Insurance Company. Plaintiff's counsel had sought unsuccessfully in a conference prior to voir dire examination to have the court instruct counsel that they should not mention that they represented the insurance company.

In Mavrakos v. Mavrakos Candy Co., 359 Mo. 649, 223 S.W.2d 383, Division One of this court held such a statement to be proper. We need not and do not review that question herein because the trial court promptly sustained plaintiff's objection to the statement and instructed the jury to disregard the remark. A mistrial was not requested.

■ Plaintiff, on appeal, complains that the trial court did not admonish counsel, as requested. The matter of reprimanding counsel is discretionary with the trial court. Louis Steinbaum Real Estate Co., et al. v. Maltz, et al., Mo., 247 S.W.2d 652, 31 A.L.R.2d 1052. We hold that the trial court did not abuse its discretion.

■ Plaintiff's second complaint is with respect to admission of records of volleyball games. We note that plaintiff herself testified that she played volleyball during the period in question. In our judgment, the admission of the records provided only cumulative evidence and could not have been prejudicial error. Kelly v. Terminal Railroad Ass'n of St. Louis, Mo., 315 S.W.2d 699 [3]. Hence, a consideration of whether the records fall within the Business Records Act would serve no useful purpose and we do not discuss it further.

Finally, plaintiff complains of various arguments by counsel to the jury. A consideration of these complaints should take into consideration certain facts established by the evidence. Plaintiff and defendant were husband and wife and were happily married. They came together to the trial at Moberly, and plaintiff testified that if

the case lasted more than one day, they expected to stay there together that night. Plaintiff testified that she and her husband had two bank accounts, both of which were joint accounts.

In the course of the opening argument to the jury on behalf of plaintiff, these statements were made:

" * * * Now you will remember that the defendant neither sat at this table during the whole trial nor did he ever testify in his behalf. The lawyers didn't call him. * * * Now the defendant didn't testify to that because Mr. Collins didn't call the defendant. He wasn't here to testify he was driving the car. He could have told you what he did if Mr. Collins wanted you to have all the information available to you.

$*$ $*$ $*$ $*$ $*$ $*$

"I say to you that you have been deprived of all the information you could have about this accident.

$*$ $*$ $*$ $*$ $*$ $*$

"It means, find for Pat Hunt if the defendant, who didn't testify and who Mr. Collins wouldn't call, * * *.

$*$ $*$ $*$ $*$ $*$ $*$

" * * * this man whom these lawyers wouldn't even call to the witness stand."

In argument by defendant's counsel which followed, there were four occasions on which objection was made on behalf of plaintiff. All are covered in plaintiff's brief and we consider them herein.

■ The first argument of which plaintiff complains was as follows:

"MR. HULEN: * * * Now you want to know why the insured or the gentleman who was the defendant did not testify? I'll tell you, and you don't need to be told, you know it. You think that this defendant, husband of the plaintiff, would take the stand and tell anything different from what this girl said regardless of what the facts are?

"MR. JAYNE: If the Court please, we object to counsel impeaching such motive of his own client, impeaching the professional etiquette. No evidence of any such thing and Mr. Hulen well knows it.

"THE COURT: The objection will be sustained."

It will be observed that the court sustained the objection made by the plaintiff. No other relief of any kind was requested. No error is shown.

■ The second objection to argument was as follows:

"MR. HULEN: * * * It is a funny thing to me that after these people were married then this idea of lawsuit was conceived. Why?

"MR. JAYNE: Object to that as being outside and ask that counsel be admonished. There is no evidence that this lawsuit was conceived after that marriage, and as a matter of fact we were employed a long time prior to it.

"THE COURT: The jury will be guided by the evidence. Proceed.

"MR. HULEN: They were married on the 24th day of June, 1959, the accident happened on August 30, 1958, and the lawsuit was filed on August 8th, 1959. Have I misquoted one iota in that situation? Why did it take place? * * *"

When counsel objected that this argument was outside the record, the court directed the jury to be guided by the evidence, and then Mr. Hulen proceeded to point out the date of the accident, the date of the marriage, and the date when the suit was filed. No other objection was made and no further contention made that the statements were not correct. This occurrence does not show any prejudicial error.

■ The third instance in which an objection was made to the argument occurred

soon after Mr. Collins began his argument and was as follows:

"* * * Mr. Chamier dwelled at great length on the fact we didn't put the man who would share the benefit of the money on the stand.

"MR. JAYNE: Object to it, no evidence to support that. An attempt to prejudice the plaintiff by an improper statement of counsel.

"THE COURT: Counsel will limit his remarks to the evidence and reasonable inference therefrom."

This is another instance in which counsel for plaintiff objected that there was no evidence to support the statement, and the court promptly stated that counsel would limit his remarks to the evidence and reasonable inference therefrom. Mr. Collins proceeded to point out that Mr. Chamier was making a great point of the fact that they did not put on the stand the man who had a joint account with the plaintiff. This, of course, was in accordance with the evidence in the case, and counsel for plaintiff made no further objection and requested no other relief. We find no prejudicial error in this occurrence.

■ The final argument objected to, and the court's ruling, was as follows:

"MR. COLLINS: * * * I say to you that those facts are indicative that this lady, although she was injured, she is well, and has been well for a long time and she is simply trying, she and her husband are trying to cash in.

"MR. JAYNE: No evidence of that, object to the highly prejudicial statement of counsel and ask that he be admonished.

"THE COURT: Sustained as to the remark of counsel.

"MR. COLLINS: Well then she alone, I say, is trying to cash in on this incident."

It will be observed that the court sustained the plaintiff's objection but did not take any action on the request that counsel be admonished. We have pointed out previously that admonishing counsel is discretionary with the trial court, and we do not find that there was any abuse of his discretion in this instance.

Plaintiff's brief contains a discussion of other portions of the argument, but the transcript shows that no objection whatsoever was made in those instances and nothing is preserved for review thereon.

The judgment is affirmed.

All concur.

## On Rehearing

### PER CURIAM

On motion for rehearing appellant asserts that our opinion conflicts with cases such as Hancock v. Crouch, Mo.App., 267 S.W.2d 36, which hold that when objection is made to argument and the trial court simply tells the jury to be guided by the evidence, the court has not sustained counsel's objection but such statement amounts to tacit approval of the argument. Appellant says that our opinion treats the court's statement as the equivalent of an order sustaining the objection. We do not consider that the opinion so states. We did not so intend, and the opinion should not be so construed. After setting out verbatim what happened, the opinion merely concludes that from an examination of the transcript no prejudicial error is shown. It is of interest to note that Judge Stone, in Hancock v. Crouch, reached such a conclusion under the facts in that case, even though he specifically stated that the court's statement was not the equivalent of an order sustaining objection to the argument.

■ Appellant also complains that the court failed to consider her request that it invoke Supreme Court Rule 79.04, V.A. M.R., which relates to plain error. We

have considered the argument to which objection was made, all of which is set out in our opinion, and also have examined the other argument to which counsel makes reference but to which objection was not made in the trial court. It is the conclusion and judgment of the court that the plain error rule should not be invoked.

Appellant's motion for rehearing is overruled.