**STATE of Missouri, Respondent,**

v.

**Gerald Francis TETTAMBLE, Appellant.**

No. 50911.

Supreme Court of Missouri,
Division No. 3.

Sept. 23, 1968.

Norman H. Anderson, Atty. Gen., Jefferson City, Frederick E. Steck, Special Asst. Atty. Gen., Sikeston, for respondent.

Hale W. Brown, Kirkwood, for appellant.

JAMES H. KEET, Jr., Special Judge.

Appellant was convicted and sentenced, under the Second Offender Act (§ 556.280, RSMo 1959, V.A.M.S.), to 99 years' imprisonment upon a jury verdict of guilty of second-degree murder. Division One on October 11, 1965, affirmed, State v. Tettamble, Mo., 394 S.W.2d 375. Appellant on that appeal was an indigent not represented by counsel. Following Tettamble v. Missouri, 386 U.S. 265, 87 S.Ct. 1034, 18 L.Ed.2d 42, which vacated the judgment and remanded the case for further consideration in light of Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33, this court set aside the affirmance, reinstated the cause, and ordered the trial court to appoint appeal counsel for appellant, in accordance with Criminal Rule 29.01(c).[1] Counsel to be so appointed was directed to prepare and file in this court a brief for the appellant. Counsel thus appointed, who was also trial counsel, has filed a written brief and argued the appeal orally.

We have carefully considered all of the points and arguments urged by appellant through counsel and in his briefs pro se. We review the trial proceedings equivalently as if this had been originally done.

We adopt the statement of facts of Division One in the original appeal and expand in regard to some of the facts and holdings later in this opinion. We adopt the holdings in the original appeal on the points expressly dealt with therein.

Counsel vigorously contends that there was no competent medical evidence from which the jury could find beyond a reasonable doubt that the stomach wall was perforated by defendant's fists or by the deceased falling on the channel iron and that the jury was permitted to find "a medical fact within a degree of certainty that was not in evidence."

In this connection, appellant's counsel renews the contention that the testimony of each medical witness was self-contradictory and that the trial court should not have allowed the jury to consider such testimony. This contention was considered to be without merit on the original appeal, 394 S.W.2d loc. cit. 381–382, and we so rule it now. Counsel also attacks Doctor Robert's testimony based on examination of slides seven months after the first autopsy report, claiming that there was no proper foundation that would enable the jury to find beyond a reasonable doubt that the slides could have placed the time of injury (causing the death) at less than 24 hours before death. A similar contention was, on the basis of the record, overruled by Divi-

1. References to Rules are to V.A.M.R.

sion One (394 S.W.2d loc. cit. 381). We overrule the contention as now presented. Compare State v. Thresher, Mo., 350 S.W. 2d 1, 8.

■ We now refer to the evidence of cause of death recited in Division One's opinion, 394 S.W.2d loc. cit. 378, 381, and also medical testimony to the effect that there were bruises in the area of the right kidney and left ribs and bruises and battering of the muscles over the stomach and that hitting with the fists could within a reasonable medical certainty cause the stomach perforations. Such evidence made a jury question of whether defendant inflicted a mortal wound.

■ The cause of death must be proved beyond a reasonable doubt, State v. Goodson, 299 Mo. 321, 252 S.W. 389, 392, citing cases which require that there be substantial evidence and noting that it may be established by satisfactory circumstantial evidence. However, the jury may consider all of the evidence in determining guilt, State v. Wright, 319 Mo. 46, 4 S.W.2d 456, 458; a defendant is not entitled to an instruction that the jury should acquit if it has reasonable doubt as to evidence of a singled-out fact, State v. Wells, 111 Mo. 533, 536, 20 S.W. 232, 233; and it is permissible to reason deductively from the wound back to the instrument employed, State v. Rizor, 353 Mo. 368, 182 S.W.2d 525, 529. The state may frame a medical hypothetical question on its own theory of the facts if it carefully delineates the facts upon which it relies. The witness may answer as to whether or not the hypothetical act could have produced death. See: State v. Thresher, supra, 350 S.W.2d loc. cit. 8; State v. Bozarth, Mo., 361 S.W.2d 819, 824–825; State v. McQuerry, Mo., 406 S.W.2d 624, 626. Appellant does not assign as error that any of the hypothetical questions answered by the fully qualified medical witnesses did not carefully delineate the principal facts on which the state based its theory of the case. The measure of reasonable doubt need not be applied to the specific detailed facts, but only to the whole issue. See: State v. Ashbrook, Mo., 11 S.W.2d 1037, 1039; 9 Wigmore on Evidence, 3d Ed., § 2497, p. 324.

■ The medical testimony was properly submitted to the jury for consideration and, together with other evidence, was sufficient to permit submission of the whole issue to the jury.

■ Appellant urges again that the magistrate erred in not appointing counsel to represent him at the preliminary hearing and in not advising him of his right to appointment of counsel although he asked to consult with counsel at the time. He now relies on Rules 29.01 and 23.12; State v. McNeal, 304 Mo. 119, 262 S.W. 1025; Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114; White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193; and Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336. Counsel at preliminary hearing is not per se constitutionally required in Missouri. State v. Jefferson, Mo., 426 S.W.2d 41; Crosswhite v. State, Mo., 426 S.W.2d 67; State v. Peck, Mo., 429 S.W.2d 247. Nothing appears from this record to show that defendant was prejudiced by a lack of counsel at the preliminary. The record does not support appellant's claim that the medical evidence could have been more plainly stated or that the witnesses could have been "more stabilized" or that the witnesses changed their stories "openly" at the trial in circuit court. Appellant had able trial counsel who had access to the transcript of the preliminary (which appellant recognizes was available) and was able to examine the medical witnesses effectively at the trial. There is no showing that, if appellant had had counsel at the preliminary, the examination of witnesses by counsel would have enabled counsel to prepare more effectively for trial. Appellant made no admissions at the preliminary. Nothing occurred there, favorable or unfavorable, which was used in his trial. The record does not show that effectiveness of counsel later appointed was apt

or likely to be impaired by prior denial of counsel.

Within the standard announced in Chapman v. State of California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705, 710–711, we are able to and do "declare a belief" that the lack of counsel at preliminary hearing in this case did not contribute to the verdict obtained and "was harmless beyond a reasonable doubt."

■ Appellant asserts that he has been deprived of effective assistance of counsel by appointment of his trial attorney for this appeal. In his pro se brief lodged in Division Three and in correspondence with the court, he indicates dissatisfaction with counsel because of counsel's delay in filing his appeal brief. Rule 29.01(c), effective March 1, 1964, gives the trial court discretion on whether to appoint trial counsel to continue with the appeal. Appellant did not object initially to the trial court's appointment. The trial court did not abuse the discretion lodged in it by this Rule. Nor is any unfairness worked in having the appointed counsel continue with the appeal. He has presented earnest and forceful oral argument to us. We are satisfied that appellant has had the effective assistance of counsel on appeal as required by Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811. Consult American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Providing Defense Services, Institute of Judicial Administration, Tentative Draft, June 1967, Standard 5.2, p. 46. The cases relied on by appellant on this point (Moore v. State of Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167, State v. Crow, Mo., 377 S.W.2d 129, Gadsden v. United States, 96 U.S.App. D.C. 162, 223 F.2d 627, Martin v. United States, C.A.5, 182 F.2d 225, 20 A.L.R.2d 1236, and Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690) do not support his position.

We find no error which would justify reversal of the judgment of conviction. We have examined the record as required by Rule 28.02 and find no error respecting the sufficiency of the indictment, verdict, or judgment on the conviction.

The transcript does not reflect that any counsel was present in behalf of appellant at allocution or sentencing. Independent checking of the trial court's records, made at our request, satisfies us that no counsel appeared for him at allocution or sentencing. The record does not show that he requested counsel to be present. But, on the other hand, it does not show that the trial court asked him if he wanted counsel at this stage or why the trial court proceeded without counsel present.

■ Without deciding that the assistance of counsel at sentencing was a constitutional requisite under the circumstances in this case (consult Mempa v. Rhay, supra, at 88 S.Ct. 254, 19 L.Ed.2d loc. cit. 340 as to Townsend v. Burke, supra, and Comment in 81 Harv.L.Rev. 821, 833–835), we rule that the sentencing should be set aside and the case remanded for allocution and sentencing. We have not held, and do not now hold, that a defendant is always entitled to the presence of counsel, or of his own counsel, at the time of sentencing, State v. McClanahan, Mo., 418 S.W.2d 71, 73–74.

The judgment of conviction is affirmed. The case is remanded for allocution and sentencing, with counsel for appellant (appointed or of appellant's own selection) present.

EAGER, P. J., and MURPHY, Special Judge, concur.