**STATE of Missouri, Respondent,**

v.

**Marshall J. GARNER, Appellant.**

**No. KCD 27391.**

Missouri Court of Appeals,
Kansas City District.

Nov. 3, 1975.

Motion for Rehearing and/or Transfer
Denied Dec. 8, 1975.

Gerald M. Handley, Acting Public Defender, Mark D. Johnson, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Robert M. Sommers, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

WASSERSTROM, Presiding Judge.

Defendant appeals after being convicted of robbery in the first degree by means of a dangerous and deadly weapon and sentenced to twelve years imprisonment.

From the evidence the jury could reasonably find the following facts. At about 1:30 a. m. on January 31, 1974, a cab, driven by Mr. Leon Eskina was parked at the cab stand near the Continental Bus Station in downtown Kansas City. A man in civilian clothing approached Eskina, identified himself as a soldier, and arranged to be taken to the airport. Two other men, later identified as defendant Garner and Willie McDowell, overheard their conversation and asked if they could split the fee to the airport. All three got in the cab, defendant and the soldier in the back and McDowell in front.

Shortly thereafter, defendant produced a revolver, held it to Eskina's neck, asked for his money, and then took money from his shirt pocket and wallet. Next, McDowell, after pulling out a gun, demanded the soldier's money. A scuffle between McDowell and the soldier ensued; Eskina was ordered to get out of the cab and lie down in the street. After more scuffling and conversation, defendant and McDowell fled, taking the soldier's coat with them.

Defendant raises two points on appeal. The first charges that the prosecutor's closing argument went outside the evidence, and the second challenges the admission of certain evidence.

## I.

■ The portion of the closing arguing complained of was as follows:

" . . . The night this lineup was held the testimony revealed Mr. Eskina identified this defendant, Marshall Garner, and this fellow, Willie McDowell as the two persons that robbed him. Now as I pointed out or brought out yesterday, Willie McDowell has been sitting in this courtroom all during the course of this trial.

"MR. JOHNSON [Defendant's attorney]: I object to that, your Honor, that is not the evidence.

"MR. DAKOPOLOS: And he was sitting in this courtroom this morning.

"MR. JOHNSON: Your Honor, I will object to continuing this.

"THE COURT: Let's stay within the record, Counselor."

In support of his contention that the argument quoted went outside the evidence, defendant urges first that no evidence identified McDowell as one of the robbers. That point is untenable. The evidence shows without dispute that a line-up was conducted at police headquarters three or four hours after the robbery. Defendant and McDowell along with three other men were put on view. Eskina identified number 1 and number 2 men in the line-up as being the persons who committed the robbery, and two photographs of the lineup were introduced as exhibits and passed to the jury. During the course of trial, defendant's mother testified and pointed out McDowell sitting on the first bench in the spectator portion of the courtroom. Moreover, Eskina on cross-examination was asked if the robber other than defendant was in the courtroom, and he responded, "[t]he gentleman over there looks a little bit like him." Identification of McDowell by Eskina as one of the robbers may at least be inferred from the evidence, and the prosecutor could legitimately argue that conclusion.

■ Defendant argues next that the evidence failed to show that McDowell was present at all times during the trial. The direct evidence with respect to this matter occurred in the testimony of defendant, himself, who testified:

"Q. He's [McDowell's] been sitting in the courtroom all day watching your trial?

"A. Yes. I be seeing him sit here watching my trial. He be in and out. * * *"

The prosecutor's statement that McDowell had been present "all during the course of this trial"—a trial which lasted a day and a half—does not differ significantly from defendant's testimony. Additionally, defendant's mother identified McDowell as being present in the courtroom during her testimony; and the jury could have recognized from her identification and from the photographs of the police line-up that the man pointed out in the courtroom by Eskina during his testimony was again McDowell. This portion of the prosecutor's argument must be held to be within the scope of the evidence. Even if the trial court did not rule specifically on the objection now under consideration, the omission could not have been prejudicial to defendant.

■ Finally, defendant argues under this point that the record contains no evidence that McDowell was sitting in the courtroom on the second day of trial. However, in this respect the trial court immediately admonished the prosecutor to "stay within the record", and defense counsel was satisfied to leave the matter in that state without requesting anything further. The monitoring of closing arguments traditionally has been entrusted largely to the discretion of the trial judge. Under like circumstances to those here, numerous decisions in both criminal and civil cases have upheld similar trial court action as sufficient. *State v. Jackson*, 511 S.W.2d 771, 775 (Mo.1974); *State v. Coleman*, 441 S.W.2d 46, 53–54 (Mo.1969); *State v. Wright*, 319 Mo. 46, 4 S.W.2d 456, 458 (1928); *State v. Stark*, 148 S.W.2d 82, 85 (Mo.App.1941); *Berger v. Huser*, 498 S.W.2d 536, 540 (Mo.1973); *Higgins v. Terminal R.R. Ass'n of St. Louis*, 362 Mo. 264, 241 S.W.2d 380, 386 (1951); *Hunt v. Hunt*, 423 S.W.2d 682, 685 (Mo. banc 1968); *Wendler v. People's House Furnishing Co.*, 165 Mo. 527, 65 S.W. 737, 740 (1901); *Gidionsen v. Union Depot Ry. Co.*, 129 Mo. 392, 31 S.W. 800, 802 (1895); *Thompson v. Bi-State Transit System, Inc.*, 458 S.W.2d 903, 906 (Mo.App.1970). The handling of the situation in this case does not begin to approach an abuse of the trial court's discretion.

## II.

■ Defendant's second point, that the trial court improperly admitted evidence of a second robbery (the taking of the soldier's coat) for which defendant was not on trial, has no merit. The general rule is that proof of the commission of separate and distinct crimes is not admissible unless such evidence has some legitimate tendency to directly establish the defendant's guilt of the charge for which he is on trial. *State v. Mitchell*, 491 S.W.2d 292, 295 (Mo. banc 1973); *State v. Lee*, 491 S.W.2d 317, 320 (Mo. banc 1973). However, one of several well-recognized exceptions to the general rule holds evidence of another crime admissible where the conduct is part "of a continuous occurrence intimately connected with the crime for which defendant is being tried." *State v. Gray*, 478 S.W.2d 654, 669 (Mo.1972); *State v. Griffin*, 497 S.W.2d 133, 135 (Mo.1973); *State v. Morris*, 523 S.W.2d 329, 331 (Mo.App.1975); *State v. Torrence*, 519 S.W.2d 360 (Mo.App.1975).

■ The robbery of the soldier was perpetrated concomitantly with that of Eskina; it was "part of a continuous occurrence intimately connected with" the robbery of the cab driver. To allow Eskina to testify about what he saw and heard during the episode was not error. The trial court is "not required to nicely sift the evidence in order to delete any possible mention of other crimes occurring during this connected series of events." *State v. Morris* at 331, *supra*.

Affirmed.

All concur.