**Affirmed and Majority Opinion and Concurring Opinion filed August 8, 2023.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-21-00461-CR

---

### GORGE LUIS OLMOS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 239th District Court
### Brazoria County, Texas
### Trial Court Cause No. 84354-CR

---

### CONCURRING OPINION

This aggravated assault case is about the gay panic defense.[1] The State knew it and directly confronted it at trial: "If we assume that [deceased complainant]

---

[1] *See, e.g.*, *People v. Rodriguez*, 64 Cal. 253 Rptr. 255 (1967) (mentioning claim by defendant accused of murder that he "did not know the nature and quality of his act at the time of the attack and was acting as a result of an acute homosexual panic brought on him by the fear that the victim was molesting him sexually"); *see generally* Omar T. Russo, *How to Get Away with Murder: The "Gay Panic" Defense*, 35 TOURO L. REV. 811 (2019); David Alan Perkiss, *A New Strategy For Neutralizing the Gay Panic Defense at Trial: Lessons From The Lawrence King Case*, 60 UCLA L. REV. 778 (2013); Cynthia Lee, *The Gay Panic Defense*, 42 U.C. DAVIS L. REV. 471 (2008).

came on to or made an advance on the defendant -- okay -- was there anything that you learned or saw be it from the defendant or the physical evidence that showed you that [defendant] had the right to beat [complainant] to death?"

Unfortunately, the State and the majority have reframed the issues raised in appellant's brief, restating them in a manner that downplays appellant's use of the gay panic defense. I see no reason to join the majority in doing that. The defense strategy should be recognized for what it is.

I agree with affirming the trial court's judgment as challenged on appeal and concur in this court's judgment. I do not join the majority opinion, which in addition to my concern about reframing appellant's issues, also has an unnecessarily complicated discussion in issue one of the requirements to preserve a complaint for appellate review. *See* Tex. R. App. P. 33.1(a); *Laws v. State*, 640 S.W.3d 227, 229–31 (Tex. Crim. App. 2022) (discussing Tex. R. App. P. 33.1(a)).


/s/    Charles A. Spain
       Justice


Panel consists of Justices Spain, Poissant, and Wilson (Wilson, J., majority).

Publish — Tex. R. App. P. 47.2(b).