**T. L. LESTER, Petitioner,**

v.

**Joe E. WEDDLE, Jr., and wife, Betty Weddle, Respondents.**

**No. B–937.**

Supreme Court of Texas.

July 24, 1968.

Ramey, Brelsford, Flock, Devereux & Hutchins, Mike Hatchell and Richard Grainger, Tyler, for petitioner.

Woodrow Edwards, Mount Vernon, Ivan Alexander, Jr., Emory, for respondent.

PER CURIAM.

This suit for damages for the wrongful death of their minor child was filed by respondents in Rains County where the alleged tort resulting in death occurred. The defendant-petitioner filed his plea of privilege to be sued in Van Zandt

**2**

County, the county of his residence. In their controverting affidavit, respondents asserted their right to maintain the suit in Rains County under §§ 9 and 9a of Article 1995, Vernon's Ann. Texas Civil Statutes. After hearing evidence, the trial court overruled the plea of privilege. The court of civil appeals affirmed. 426 S.W.2d 618.

Subdivision 9 of Article 1995, V.T.C.S., provides:

"A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed by the defendant, * *."

Subdivision 9a of Article 1995, V.T.C. S., provides:

"A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred * * *."

In affirming the judgment of the trial court, the court of civil appeals held that the suit was properly maintainable in Rains County, because the evidence showed that a *trespass* was committed in that county by the defendant in that he "failed to keep a proper lookout to avoid the striking of Jim Weddle and failed to keep his truck under control, each of which was a proximate cause of the accident." This decision of the court of civil appeals is in direct conflict with our opinion in Barron v. James, 145 Tex. 283, 198 S.W.2d 256 (1946). The court of civil appeals did not consider or decide whether the suit was properly maintainable in Rains County under § 9a of Article 1995 V.T.C.S. as being a suit based upon negligent omissions of the petitioner which were proximate causes of the death.

Pursuant to authority conferred by Rule 483, Texas Rules of Civil Procedure, we

reverse the judgment of the court of civil appeals and remand the cause to that court to decide whether the trial court's judgment may be affirmed under the provisions of § 9a of Article 1995, V.T.C.S.