**T. L. LESTER, Appellant,**

v.

**Joe E. WEDDLE, Jr., et ux., Appellees.**

**No. 338.**

Court of Civil Appeals of Texas.

Tyler.

Oct. 3, 1968.

Rehearing Denied Oct. 31, 1968.

Ramey, Brelsford, Flock, Devereux & Hutchins, Richard Grainger and Michael A. Hatchell, Tyler, for appellant.

Woodrow Edwards, Mt. Vernon, Ivan Alexander, Jr., Emory, for appellees.

SELLERS, Justice.

Pursuant to the authorities inferred by Rule 483, Texas Rules of Civil Procedure, the Supreme Court of this state reversed the judgment in this cause and remanded same to us for a determination of whether or not the judgment of the trial court may be sustained under the provisions of Section 9a of Art. 1995, Vernon's Tex.Civ.St., 431 S.W.2d 1.

In our previous opinion affirming the judgment of the trial court, we stated that the suit was properly maintainable in Rains County because the evidence showed that a *trespass* was committed in that county by the defendant in that he "failed to keep a proper lookout to avoid the striking of Jim Weddle and failed to keep his truck under control, each of which was a proximate cause of the accident." The Supreme Court reversed our decision holding that it was in conflict with Barron v. James, 145 Tex. 283, 198 S.W.2d 256 (1946). Upon a review of our previous opinion, it becomes apparent that the conflict was brought about by the fact that we inadvertently substituted the term "trespass" for the word "negligence." That portion of our opinion holding that defendant committed a trespass in Rains County is therefore withdrawn.

After having again reviewed the evidence in a light most favorable to the judgment, we have concluded that the suit is properly maintainable in Rains County under the provisions of Sec. 9a, Art. 1995, supra, because we believe there is sufficient evidence in the record to sustain the trial court's implied finding that negligence was committed in Rains County in that the de-

fendant failed to keep a proper lookout which was a proximate cause of the accident.

The judgment of the trial court is affirmed.