**STATE of Missouri, Respondent,**

v.

**Gerald Francis TETTAMBLE, Appellant.**

**No. 54412.**

Supreme Court of Missouri,
Division No. 1.

Feb. 9, 1970.

John C. Danforth, Atty. Gen., Dale L. Rollings, Asst. Atty. Gen., Jefferson City, for respondent.

Hale W. Brown, Kirkwood, for appellant.

HIGGINS, Commissioner.

On May 25, 1964, Gerald Francis Tettamble, charged with murder, first degree, and as a second offender, was convicted by a jury of murder, second degree. His punishment was assessed by the court at 99-years' imprisonment, and he was sentenced accordingly. §§ 559.010, 559.020, 559.030, 556.280, V.A.M.S. His conviction was affirmed and a detailed statement of the facts of this homicide can be found in State v. Tettamble, Mo., 394 S.W.2d 375.

Appellant was indigent, not represented by counsel, and, upon further appeal to the United States Supreme Court, his conviction was vacated and the case was remanded to this court for further consideration in light of Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33. Tettamble v. Missouri, 386 U.S. 265, 87 S.Ct. 1034, 18 L. Ed.2d 42.

Pursuant to those authorities, this court set aside the affirmance, reinstated the cause, and ordered the trial court to appoint counsel in accordance with Criminal Rule 29.01(c), V.A.M.R. Counsel thus appointed (trial and now present counsel) briefed and argued the appeal upon which the conviction was again affirmed, but the cause was remanded to the circuit court for allocution and resentencing with appellant and counsel present. State v. Tettamble, Mo., 431 S.W.2d 441.

Pursuant to the mandate of that case on December 9, 1968, Gerald Francis Tettamble, with his counsel, was brought before the Honorable Herbert K. Moss, Presiding Judge, Division 1, Circuit Court of Jefferson County, Missouri, and successor, January 1, 1965, to the trial judge, the Honorable Edward T. Eversole, whose term expired December 31, 1964.[1] Judge Moss had the trial transcript, read the verdict of May 25, 1964, to appellant, and asked him if he had any legal cause why sentence and judgment should not be pro-

nounced. Appellant and counsel objected on the grounds: 1. "that the record is devoid of any finding that the defendant was an habitual criminal" under Section 556.280, supra, and 2. that Judge Moss did not hear the case. The court proceeded with allocution and, upon examination of the trial record, pronounced sentence of 99-years' imprisonment, the same punishment as that assessed by Judge Eversole. Judge Moss made no further finding with respect to application of Section 556.280, supra, apparently on the theory that it was not within the mandate in State v. Tettamble, supra, 431 S.W.2d 441.

■ Counsel's brief in behalf of appellant was filed November 7, 1969. Prior to that date, appellant, *pro se,* had, on February 11, 1969, filed an "Additional Point" charging the amended information to have been fatally defective and, on August 26, 1969, his brief again charging defective information and denial of counsel on preliminary hearing. It is not necessary to notice these matters further because they have been considered and ruled previously. See State v. Tettamble, supra, 431 S.W.2d l. c. 443 [9]; State v. Tettamble, supra, 394 S.W.2d l. c. 382 [25, 26].

Appellant's objections to allocution and sentence have been incorporated in his points on appeal and they present these questions: Whether a successor judge has authority to sentence a defendant convicted before his predecessor; whether adequate findings have been made with respect to application of the Second Offender Act, and, if not, what procedure should be followed.

Appellant's contention on the first proposition is that since Judge Moss did not preside at the trial, he was precluded from passing sentence upon mandate of remand of this court for that purpose. His argument is that Judge Moss "did not qualify as the Trial Judge to sentence the defend-

1. Jefferson and Washington Counties comprise Circuit No. 23 and, in October, 1965, became a two-division circuit with the Honorable Phillip G. Hess presiding in Division 2.

ant under Section 556.280 * * * for the reason that under subparagraph (1) * * it is particularly stated 'then the person shall receive such punishment provided by law for the subsequent offense as the trial judge determines after the person has been convicted,' " and that this permits only the judge who sat in the trial to pass sentence.

■ This question is one of first impression in Missouri but it has been ruled against appellant's contention in other jurisdictions and the rule of those cases is applicable to this case. In Owens v. Hunter, 10 Cir., 169 F.2d 971, it was contended that the judgment of conviction was void for the reason that one judge presided at the trial and another imposed the sentence. As in this case, both judges were duly qualified and acting judges of the same court and, in holding the contention to be without merit, it was said: " * * * while ordinarily sentence should be imposed by the judge before whom the conviction was had, where there are two judges of the same court with concurrent jurisdiction, a judgment is not void merely because the trial was before one of the judges and the sentence was imposed by the other." 169 F.2d l. c. 972 [6]. See also 24 C.J.S. Criminal Law § 1561, pp. 393–394. In so holding, the case was distinguished from Freeman v. United States, 2 Cir., 227 F. 732, 142 C.C.A. 256, where one judge heard a part of the evidence, a substitution of judges took place, and the second judge heard the remainder of the evidence, instructed the jury, received the verdict, and imposed the sentence. In Carbo v. United States, 9 Cir., 314 F.2d 718, the trial judge died following trial and jury verdict and before sentence was pronounced. A successor judge was assigned to succeed the deceased trial judge, and the successor pronounced sentence. As in this case, the successor had the trial record before him and the reviewing court found no error in the procedure adopted. Similarly, in Johnson v. Commonwealth, 184 Va. 466, 35 S.E.2d 770, the trial judge heard the case without a jury and found defendant guilty but died before pronouncing sentence. The temporary presiding judge took the transcript of the trial to yet another judge who later became the deceased's successor and he pronounced sentence. The contention that jurisdiction died with the trial judge was denied on the general rule of 24 C.J.S. supra, and on the recital in Wharton's Criminal Procedure, 10th Ed., Vol. III, § 1871, p. 2305, "that (in Wisconsin) a judge of the Circuit Court may pronounce sentence on a prisoner convicted before his predecessor in office." Judge Moss had the trial transcript before him and this record demonstrates his familiarity with it. As recognized in the cited authorities, courts must continue despite death, resignation, illness, or expiration of term of a prior judge, and this record fails to demonstrate any reason why the sentence imposed by Judge Moss is invalid.

■ With respect to the remainder of the stated propositions respondent concedes, and the record on this appeal shows, that the trial record does not show requisite findings by the trial judge with respect to applicability of the Second Offender Act. It does not follow, however, that appellant is entitled to a new trial.

The proper procedure is to again set aside the judgment and sentence and remand the cause in order that the trial court may cause defendant, with counsel, to again be brought before it at an appropriate time, "for further consideration of the evidence already submitted on this issue, and of any such additional evidence as may be submitted, and thereupon to make appropriate findings * * *. If the trial court then finds * * * one or more prior convictions, sentences, and imprisonment or parole therefor in accordance with § 556.280, it may proceed (again) to grant allocution and to render judgment and sentence; if not, then * * * a new trial must be ordered, for the jury would then be entitled to assess the punishment." State v. Garrett, Mo., 416 S.W.2d 116, 120 [7–9]. State v. Hill, Mo., 371 S.W.2d

**194**

278, 282–283; State v. Holmes, Mo., 434 S.W.2d 555, 559–560 [6, 7].

Judgment reversed and cause remanded for further proceedings in accordance with this opinion.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

SEILER, P. J., HOLMAN, J., and RIEDERER, Special Judge, concur.

STORCKMAN, J., not sitting.