STATE of Missouri, Respondent,

v.

Gerald Francis **TETTAMBLE,**
Appellant.

No. 35132.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 23, 1974.

Rehearing Denied Feb. 7, 1975.

Stanley J. Murphy, Flat River, for appellant.

John C. Danforth, Atty. Gen., William F. Arnet, Jefferson City, for respondent.

KELLY, Justice.

This appeal from a conviction of Murder in the Second Degree is one of a long line, having its inception on May 25, 1964, at which time, following a jury trial, defendant was found guilty, punishment was assessed by the trial court at 99 years imprisonment, and he was sentenced accordingly. His conviction was affirmed in State v. Tettamble, 394 S.W.2d 375 (Mo.1965). Appellant, being indigent, was not represented by counsel on that appeal and upon further appeal to the United States Supreme Court his conviction was vacated and the cause remanded to the Supreme Court of Missouri for further review in light of Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967). Tettamble v. Missouri, 386 U.S. 265, 87 S.Ct. 1034, 18 L.Ed.2d 42 (1967). The Supreme Court of Missouri, as directed, set aside the affirmance, reinstated the cause on its calendar, and ordered the trial court to appoint counsel in accordance with Rule 29.-01(c), V.A.M.R. Counsel was appointed, briefed and argued the case in the Supreme Court and once again the conviction was affirmed, but the cause was remanded to the circuit court for allocution and resentencing with counsel present. State v. Tettamble, 431 S.W.2d 441 (Mo.1968).

Appellant was brought before the trial court and resentenced to ninety-nine years on December 9, 1968, but on appeal the cause was reversed and remanded for the reason the trial court did not make the required findings with respect to the applicability of the Second Offender Act. § 556.-280 V.A.M.S. State v. Tettamble, 450 S.W.2d 191 (Mo.1970). On April 10, 1970, proceedings were conducted before the Honorable Herbert Moss but he was subsequently disqualified and on October 21, 1970, the Honorable Philip G. Hess imposed a sentence of fifty-five years imprisonment on the appellant who again appealed successfully, the aforesaid judgment of conviction being once more reversed and remanded on September 14, 1972, because the transcript of the evidence of the hearing before Judge Moss was not before the Supreme Court and could not be obtained, so that the Supreme Court could not properly determine whether the requisite findings were made by the trial court relative to the applicability of the Second Offender Act. For this reason the cause was remanded to the trial court with directions to conduct an appropriate hearing for further consideration of the evidence previously on that issue and any such additional evidence as might be submitted thereon and to make appropriate findings.

Pursuant to this mandate the appellant was brought before the court on November 22, 1972, at which time the court received into evidence a certified copy of sentence and judgment of the Circuit Court of the City of St. Louis, Exhibit No. 1, and a certified transcript of the serial record from the Department of Corrections, including a photograph and a fingerprint card of the appellant. The trial court thereafter made the following findings: That the defendant was convicted of the crimes of burglary in the second degree and larceny on the 19th day of November, 1957, in the City of St. Louis and, in the presence of his attor-

ney, was sentenced to three years in the State Penitentiary for burglary second degree and two years for larceny in cases numbered 1292F, 1293F and 1294F, said sentences to run consecutively. The trial court further found that the appellant was found guilty of stealing from a person in case Number 1291F on November 19, 1957, in the Circuit Court of the City of St. Louis and was sentenced to two years in the State Department of Corrections, said sentence to run concurrently with the above sentences. The trial court further found that these offenses were punishable by imprisonment in the penitentiary and that the appellant was thereupon sentenced and imprisoned in the State Penitentiary at Jefferson City, Missouri; that the appellant was charged in the Circuit Court of Jefferson County with the offense of first degree murder and that he was the one referred to in the cases aforesaid and is one and the same person; that pursuant to the aforesaid sentences the appellant was placed in the Department of Corrections of the State of Missouri, served time therein and was discharged therefrom on July 6, 1961; that he was, therefore, a second offender and subject to the provisions of § 556.280 V.A.M.S. The trial court then reviewed appellant's Exhibits A through D, consisting of an affidavit, letters and a tape recording concerning the appellant's character, informed the appellant that he had been found guilty by a jury on May 25, 1964, of Murder in the Second Degree, granted allocution, and imposed sentence for a term of fifty years, crediting him thereon with time already spent in confinement. It is from this sentence and judgment that appellant perfects this appeal.

■ Appellant's first Point is that the trial court abused its discretion and erred in granting the State a continuance over his objection on November 8, 1972 and "in not ordering a new (sic) trial on that date." The continuance to which appellant makes reference is one with respect to the applicability of the Second Offender Act pursuant to the mandate of the Supreme Court of the State of Missouri of September 14, 1972. The only evidence in the record relative to a continuance is that contained in the Supplemental Transcript filed in this court on May 13, 1974, and consists of a docket entry of November 8, 1972, in the trial court's Docket Book which reads: "By application of Prosecuting Attorney, this cause is continued to November 22, 1972, because of a clerical error in the transcript." The record is devoid of any objection lodged by the appellant to the granting of this continuance, but, nevertheless had there been one, a trial court has great discretion in the granting or denying of a continuance to one or more of the parties to litigation, and a strong showing is required to induce a reviewing court to interfere in the absence of a clear abuse of discretion. State v. Cuckovich, 485 S.W.2d 16 (Mo. banc 1972). Based upon the record before us we conclude that there is nothing upon which we could find an abuse of discretion in this instance, nor has the appellant pointed out in his brief in what manner the granting of this continuance prejudiced him. We therefore find no merit in this Point.

■ Appellant's next Point is that the trial court erred in hearing additional evidence re the applicability of the Second Offender Statute and in admitting into evidence over his objection State's Exhibits #1 and #2. The thrust of his argument with respect to this Point is that the statute itself prohibits this because it specifically states that evidence of the prior conviction, sentence and subsequent imprisonment or fine, parole or probation, shall be heard by the trial judge out of the hearing of the jury *prior* to the submission of the case to the jury. § 556.280(2) V.A.M.S. The Supreme Court of Missouri in construing the Second Offender Act has ruled otherwise in State v. Garrett, 435 S. W.2d 662 (1968); State v. Morris, 460 S. W.2d 624 (1970); State v. Tettamble, 450 S.W.2d 191, 193 [3] (1970). We rule this Point against appellant.

■ Appellant next contends that the trial court lacked jurisdiction to sentence him because (1) there was a fatal defect in the amended information or (2) the amended information was not reintroduced into evidence at the evidentiary hearing.

The fatal defect referred to is the failure of the pleading to allege that the defendant was "subsequently imprisoned, fined, parole, or placed on probation." Although the sufficiency of the information was previously inquired into by the Supreme Court on two prior occasions and ruled adversely to his position presented on those occasions[1] the information referred to therein was not the amended information attacked in this appeal. Nevertheless, appellant's Point is without merit, and has been ruled adversely to his contention in State v. Ellifrits, 459 S.W.2d 293, 296 [1] (Mo. banc 1970). It is alleged in the Amended Information in this case that after the appellant was sentenced he "was committed on December 20, 1957 to the Missouri State Penitentiary at Jefferson City, Missouri as aforesaid and was duly discharged from the Missouri State Penitentiary at Jefferson City, Missouri, as aforesaid after and upon lawful compliance with said sentence of July 6, 1961." This complies with the requirement of Ellifrits, *supra,* that the pleading is sufficient if it contains an allegation from which it necessarily would be inferred that the defendant had been imprisoned. We hold that the allegations in this Amended Information meet that test and that this sub-Point is without merit.

■ With respect to appellant's contention that the Amended Information should have been reintroduced into evidence at the hearing, we observe that all of appellant's many appearances in the Supreme Court and in this court have been on direct appeals, the record of the entire proceedings were never closed and there was therefore no necessity for the State to reintroduce the Amended Information at the evidentiary hearing of November 22, 1972, because the document was already before the trial court. The remand order itself directed the trial court to consider evidence already submitted together with any additional evidence to determine the applicability of the Second Offender Act, § 556.280 V.A.M.S. This determination is not a trial separate and apart from the trial of the charges but, rather constitutes an integral part of the basic trial. Therefore, the evidentiary hearing was nothing more nor less than a continuation of the original trial. State v. Vermillion, 486 S.W.2d 437, 440 [3] (Mo.1972). Furthermore, the trial court may take judicial notice of its own records and prior proceedings in the case and the Amended Information would of necessity be before the trial court throughout the evidentiary hearing. State v. King, 380 S.W.2d 370, 373 (Mo.1964). We also rule this sub-Point against appellant.

■ Appellant's final Point is that the trial court erred and abused its discretion in denying his request for a pre-sentence investigation prior to imposing sentence. In support of this contention the appellant cites Rule 27.07(b) which states:

"When a probation officer is available to any court having original jurisdiction to try felony cases . . . such probation officer shall, *unless otherwise directed by the court*, make a presentence investigation . . ." (Emphasis supplied).

He contends that because a probation officer was in fact available to the court, the court abused its discretion in not complying with the Rule. Compliance with this Rule has been held discretionary, not mandatory in State v. Maloney, 434 S.W.2d 487, 496 [16] (Mo.1968), where this point was raised and the Supreme Court said:

"That rule simply requires that where a probation officer is available to a court, that officer shall make a presen-

---

1. State v. Tettamble, 394 S.W.2d 375, 382 (Mo.1965); same, 431 S.W.2d 411, 444 (Mo.1968).

tence investigation unless otherwise directed by the court, clearly authority for the court to make use of presentence investigation as discretion".

This holding has been followed in Hamilton v. State, 490 S.W.2d 363, 365 [4] (Mo.App.1973). Although the trial judge in this case did not require the probation officer to compile a pre-sentence investigation report, he himself, reviewed defense Exhibits A through D prior to the imposition of sentence on the appellant and exercised his discretion to proceed with the imposition of sentence. In the absence of any showing to the contrary, we do not conclude that the trial court abused its discretion in not requiring a presentence investigation and conclude that this contention of the appellant is likewise without merit.

We affirm.

DOWD, C. J., and SIMEONE and WEIER, JJ., concur.